UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 07-20389-TLM |
| DAVID BRUCE ALLEN and, ) | |
| INGRID ZIEMELIS ALLEN, ) | Chapter 13 |
| ) | |
| Debtors. ) | |
| _____ ) | |

### MEMORANDUM OF DECISION
_____

**BACKGROUND AND FACTS**

On September 22, 2008, trustee C. Barry Zimmerman ("Trustee") filed a motion to dismiss the chapter 13 case of David and Ingrid Allen ("Debtors"). *See* Doc. No. 61. After many continuances, the Court heard Trustee's motion at a March 18, 2009 hearing along with Debtors' motion to recuse the presiding judge, their objections to claims 1-6, their motion to modify plan, and their "motion to modify bankruptcy." *See* Doc. No. 117.

On March 31, 2009, the Court entered an Order denying Debtors' motion to recuse. *See* Doc. Nos. 120 (Decision), 121 (Order). Debtors filed a notice of appeal from that Decision and Order. *See* Doc. No. 125. Debtors filed a similar recusal motion which was also denied by this Court in a related adversary proceeding, Adv. Case No. 08-07014-TLM. *See* Adv. Doc. Nos. 41, 42. *See also*

MEMORANDUM OF DECISION - 1

Adv. Case No. 09-07013-TLM at Doc. Nos. 23, 24 (viewing David Allen's affidavit as a similar request and entering a Decision and Order denying recusal in that adversary proceeding). Debtors appealed those Orders as well.

While Debtors did not request a stay pending appeal, the Court has not as yet ruled on their objections to claims, their motions to modify the plan and modify the bankruptcy, or the Trustee's motion to dismiss.

On September 11, 2009, the Ninth Circuit Bankruptcy Appellate Panel issued orders dismissing Debtors' appeals in the numerous appellate cases. Thus, there is no question regarding this Court's jurisdiction to rule on the pending motions.

This Court laid out at significant length the relevant facts and procedural history of this case and the two adversary proceedings in its Decision on the motion for disqualification. *See* Doc. No. 120. The facts include, among other things, the events that transpired in Debtors' chapter 13 case, starting with Debtors' scheduling of their ownership of two parcels of real property; their acknowledgment of the secured claims against such property; their attempts at confirming a chapter 13 plan under which they would control the disposition of such property; the negotiations with creditors that led to the confirmation of a chapter 13 plan, and the entry of an order of confirmation; the post-confirmation default and exercise by creditors of the agreed remedy of stay relief; and Debtors'

MEMORANDUM OF DECISION - 2

discharge of their counsel and initiation of a series of *pro se* efforts to reverse course and obtain rulings that denied the existence of any secured claims.

The Court incorporates here by reference, as if stated in full, all the factual findings, legal conclusions and rulings in that Decision, Doc. No. 120.

In addition, the Court notes that at the March 18, 2009 hearing, Trustee relied upon his written submissions stating that Debtors have not made a plan payment since June 10, 2008. Debtors' plan calls for $300.00 monthly payments and several lump sum payments of $61,700.00, one of which was due on December 8, 2008. *See also* Doc. No. 111 at 1.

**DISCUSSION AND DISPOSITION**

**1. Trustee's motion to dismiss**

Trustee's motion to dismiss pursuant to § 1307(c)[1] is based on Debtors' defaulted plan payments. Section 1307(c) provides that the Court may convert or dismiss a chapter 13 case for cause. The term "for cause" is defined in § 1307(c)(6) to include "material default by the debtor with respect to a term of a confirmed plan." Debtors' failure to make the regular monthly and lump sum payments required by their confirmed chapter 13 plan is such a material default.

Debtors did not refute Trustee's contention that they failed to make their plan payments. Instead, Debtors argue that "fraud upon the court makes moot

---

[1] All statutory citations are to the Bankruptcy Code, Title 11, U.S. Code §§ 101-1532.

MEMORANDUM OF DECISION - 3

[Trustee's] facts and figures that are based on a plan that was and is void ab initio." Doc. No. 112 at 4. Despite Debtors' contentions, the Court has not found fraud, nor concluded that the confirmed plan is void. To the contrary, the Court has ruled that the confirmed plan is binding on Debtors as well as on their creditors under § 1327(a). *See* Adv. Case. No. 09-07013-TLM at Doc. No. 28.

The Court therefore concludes Debtors are delinquent in making the payments required under their confirmed chapter 13 plan. Cause exists to dismiss or convert their case. *See* § 1307(c).

To avoid the consequence of dismissal, the burden is on Debtors to remedy the default or seek modification of their plan. *See* § 1329(a)(1). Debtors did file a motion to modify their chapter 13 plan. However, that motion was based on the allegation that "counsel who devised the Plan, failed to do due diligence in the course of representing the best interests of Debtors and is the proximate cause to Debtors to be exposed to greater financial hardship and undue increase in litigation costs." Doc. No. 86 at 1.[2] In addition, they argued that "there are economic grounds for restructuring debt after the issues have been adjudicated under the [objections to the] Proofs of Claim and Adversary proceedings." *Id.*

While Debtors may believe their attorney failed to act in their best interests,

---

[2] Rule 2002(a)(5) requires twenty days notice to the trustee and all creditors of "the time fixed to accept or reject a proposed modification of a plan." Here, Debtors failed to serve their notice of the March 18, 2009 hearing on all the creditors in their case. *See* Doc. No. 109. This defect in notice would be sufficient to thwart approval of modification. However, Debtors' motion is being denied on substantive grounds.

MEMORANDUM OF DECISION - 4

or that grounds exist to attack the secured claims treated in their plan, these beliefs do not constitute an adequate basis to modify their confirmed chapter 13 plan. As articulated in its January 16, 2009 oral ruling in Adv. Case No. 08-07014-TLM and repeated in Adv. Case No. 09-07013-TLM at Doc. No. 28, Debtors' confirmed plan is binding on them and between them and their creditors. *See* § 1327(a). Though § 1329 does allow limited modifications, Debtors' desired modifications do not fall within those available under the Code. *See* § 1329(a). Their proposed modifications, and their objections to claims, instead attempt to undo the negotiated and confirmed plan, and to start anew with litigation contesting the existence of any claims at all. As explained in this Court's January 16, 2009 oral ruling and again in Adv. Case No. 09-07013-TLM at Doc. No. 28, such a change in Debtors' approach is impermissible.

Debtors are in material default under their confirmed plan. They have not shown a sufficient basis for modification within the bounds of § 1329(a). The motion to modify plan, objections to claims[3] and motion "to modify bankruptcy" assert relief that is foreclosed to them.

---

[3] Debtors' February 25, 2005 notice of hearing, Doc. No. 109, was not served on the claimants 30 days prior to the March 18, 2009 hearing as required by Fed. R. Bankr. P. 3007(a). That error alone would preclude the Court's consideration of Debtors' objections to claims. Here, the Court merely notes the bases for the objections are intertwined with those for modification of Debtors' plan and are equally foreclosed. With dismissal of this bankruptcy case, Debtors' objections to claims are rendered moot and the Court need not and does not consider the sufficiency of the provided notices, nor need it rule on the merits or demerits of Debtors' objections to claims.

MEMORANDUM OF DECISION - 5

The Court concludes the Trustee's motion to dismiss is well taken and will enter an order granting that motion. With dismissal, all other matters advanced are rendered moot.

DATED: October 1, 2009

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

## CERTIFICATE OF SERVICE

      A "notice of entry" of this Decision, Order and/or Judgment has been served on Registered Participants as reflected by the Notice of Electronic Filing. A copy of the Decision, Order and/or Judgment has also been provided to non-registered participants by first class mail addressed to:

David Bruce Allen
Ingrid Ziemelis Allen
PO Box 550
Ponderay, ID 83852-0550

Case No.  07-20389-TLM

Dated: October 1, 2009

      /s/
Suzanne Hickok
Law Clerk to Chief Judge Myers

MEMORANDUM OF DECISION - 7